### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STUART ROSS,** | : | |
| | : | **CIVIL ACTION NO.:** |
| **Plaintiff,** | : | |
| | : | **3:15-cv-837  (____)** |
| **v.** | : | |
| | : | |
| **NATIONAL GRAPHICS, INC. and** | : | |
| **MICHAEL NAPOLI,** | : | |
| | : | |
| **Defendants.** | : | **June 1, 2015** |
| | : | |

## COMPLAINT

**I.    INTRODUCTION**

1.    The plaintiff, Stuart Ross, brings this action against his former employers, defendant National Graphics, Inc. and defendant Michael Napoli, for violations of the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act (CMWA).

2.    The defendants misclassified the plaintiff as exempt under federal and state overtime laws and failed to pay him overtime pay when he worked more than 40 hours in a workweek.

3.    The plaintiff alleges that he is entitled to unpaid wages from the defendants for all overtime hours worked by him and to liquidated and other damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

4.    The plaintiff further alleges that he is entitled to unpaid wages from the defendants for all overtime hours worked by him and to penalty and other damages, pursuant to the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

5.    The plaintiff requests a trial by jury on all issues triable to a jury.

## II.   <u>JURISDICTION AND VENUE</u>

6.      This Court has jurisdiction over the plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over the plaintiff's Connecticut state law claims pursuant to 28 U.S.C. § 1367, since those claims are so related to his FLSA claims that they form part of the same case or controversy.

7.      Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this District because the plaintiff lives and worked in Connecticut, the defendants are located in Connecticut, and the conduct underlying the plaintiff's claims occurred in Connecticut.

## III.   <u>PARTIES</u>

8.      The plaintiff, Stuart Ross, is a natural person, a citizen of Connecticut, and a resident of Guilford, Connecticut.

9.      The defendant, National Graphics, Inc., is a corporation organized under the laws of Connecticut and doing business in Connecticut.

10.     The defendant, Michael Napoli, is a natural person, a citizen of Connecticut, and, upon information and belief, a resident of Guilford, Connecticut.

11.     At all times discussed herein, until the plaintiff's termination, National Graphics was the plaintiff's employer within the meaning of the FLSA and the CMWA.

12.     At all times discussed herein, until the plaintiff's termination, Mr. Napoli was the plaintiff's employer within the meaning of the FLSA and the CMWA.

## IV.   <u>FACTS</u>

13.     At all times discussed herein, upon information and belief, Mr. Napoli was the President and Owner of National Graphics.

14.     National Graphics and Mr. Napoli are jointly responsible for the failure to pay Mr. Ross the overtime to which he was entitled.

15.     Mr. Ross began his employment with the defendants in 2005.

16.     Throughout his employment with the defendants, Mr. Ross worked as a customer service representative and buyer of printing material.  As a customer service representative, Mr. Ross maintained contact with National Graphics' customers and ensured that all components of their orders were processed correctly.  As a buyer of printing material, Mr. Ross evaluated printed samples, formulated and submitted written quotations to outside vendors, and negotiated pricing and delivery.

17.     Throughout his employment with the defendants, Mr. Ross was paid a salary for his work.

18.     Throughout his employment with the defendants, Mr. Ross was not paid an overtime premium for any hours worked over 40 in a given week.

19.     The defendants classified Mr. Ross as exempt from the overtime requirements of the FLSA and CMWA.

20.     Mr. Ross's primary duties did not render him an exempt employee under any recognized exemption.  Accordingly, he should have been paid overtime wages under the FLSA and CMWA.

21.     Mr. Ross routinely worked more than 40 hours per week.

22.     For example, in the week starting September 20, 2014, and ending September 26, 2014, Mr. Ross worked approximately 47.5 hours.

23.     Mr. Ross kept records of the hours he worked by punching in and out through a system established by National Graphics.  Upon information and belief, National Graphics is in possession of records concerning the hours that Mr. Ross worked for the defendants.

24.     The decision to classify Mr. Ross as exempt was made by one or more National Graphics executives for the sole purpose of denying Mr. Ross overtime pay.

25.     Mr. Ross's primary duties did not render him exempt, and therefore the defendants were not allowed to deny him overtime pay.

## V.     LEGAL CLAIMS

**FIRST COUNT:**          **VIOLATION OF THE FAIR LABOR STANDARDS ACT – UNPAID OVERTIME – as to National Graphics**

26.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 25 above.

27.     Based on the foregoing, National Graphics committed a willful violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

**SECOND COUNT:**          **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT – UNPAID OVERTIME – as to National Graphics**

28.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 25 above.

29.     Based on the foregoing, National Graphics committed a violation of the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

30.     National Graphics' conduct in violation of the CMWA was unreasonable, arbitrary, and/or in bad faith.

4

**THIRD COUNT:**          **VIOLATION OF THE FAIR LABOR STANDARDS ACT – UNPAID OVERTIME – as to Michael Napoli**

31.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 25 above.

32.     Based on the foregoing, Mr. Napoli committed a willful violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

**FOURTH COUNT:**          **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT – UNPAID OVERTIME – as to Michael Napoli**

33.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 25 above.

34.     Based on the foregoing, Mr. Napoli committed a violation of the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

35.     Mr. Napoli's conduct in violation of the CMWA was unreasonable, arbitrary, and/or in bad faith.

* * *

WHEREFORE, Mr. Ross requests that this Court award the following damages:

        a.     An award of unpaid overtime wages under the FLSA;

        b.     An award of unpaid overtime wages under the CMWA;

        c.     An award of liquidated damages under the FLSA;

        d.     An award of penalty damages under CMWA;

        e.     Attorneys' fees under the FLSA and CMWA;

        f.     Interest under the CMWA; and

        g.     Any other remedy that may appear to be just and proper.

By: ___ /s/ Joshua R. Goodbaum _____
Joshua R. Goodbaum (*Fed. Bar No. ct28834*)
GARRISON, LEVIN-EPSTEIN, RICHARDSON,
        FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, Connecticut  06511
Tel.:  (203) 777-4425
Fax:  (203) 776-3965
jgoodbaum@garrisonlaw.com